FRIES–HARLEY CO. et al. v. DORNAN BROS.

(Circuit Court of Appeals, Third Circuit. January 29, 1910.)

No. 66.

PATENTS (§ 328*)—INFRINGEMENT—WOVEN FABRIC.

The Heald patent, No. 661,640, for a woven fabric, as limited by the prior art to the particular structure described therein, *held* not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by the Fries-Harley Company and Alfred Heald against Dornan Bros. Decree for defendants (171 Fed. 891), and complainants appeal. Affirmed.

John R. Nolan and Hector T. Fenton, for appellants.
Henry D. Williams, for appellees.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Fries-Harley Company, assignee of patent No. 661,640, granted November 13, 1900, to Alfred Heald, for a woven fabric, filed a bill against Robert Dornan and others, charging infringement of the first claim thereof. That court, in an opinion reported at 171 Fed. 891, held the latter did not infringe and by decree dismissed the bill. Thereupon the complainant appealed.

After a thorough argument and full consideration we find ourselves in accord with the court below. Its opinion describes the intricate weaving of respondent's fabric, and shows wherein it differs from the claim in suit, which is for—

"a woven fabric in which sets of pile-forming warp threads alternating with binding warp threads are interwoven with heavy weft threads alternating with binding weft threads, said pile-forming warp threads, producing pile loops on both faces of the fabric, the heavy weft threads distending said

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pile loops, the binding weft threads tying and indenting the pile-forming warp threads between the heavy weft threads, and each binding warp thread passing around a heavy weft thread, thence to and around a binding weft thread, and thence back and around a heavy weft thread, substantially as specified."

An extended statement by this court could but repeat what has been clearly set forth in the lower court's opinion, and we content ourselves with adopting it as embodying the views of this court.

The correctness of the decree rests on the restriction of the claim to the particular structure described therein. Such restriction was clearly right. The complainant introduced no new element into weaving. The different threads of his device were all in prior use in that art, and that art's development was such as to preclude the grant of any broad, underlying claim in the field of this device. The accompanying cuts show the woven structure of both parties:

Complainant's Fabric.

Defendant's Fabric.

In each—
1 and 3 are the heavy pile-forming warp threads,
4 and 5 are the fine binding warp threads,
6 and 7 are the heavy weft threads,
8 and 9 are the fine binding weft threads.

Now in Heald's, it will be seen, a double, interlacing, serpentine course is followed by the fine binding warp threads, and they pass around three tensional points, and consequently there are three tensional engagements to hold each weft thread, whether such weft thread be heavy or light. The file wrapper shows that, under stress of avoiding anticipation, the limitation—"each binding warp thread passing around a heavy weft thread, thence to and around a binding weft thread, and thence back and around a heavy weft thread"—was inserted in the claim. In respondent's weave the same alternating, serpentine course is not followed. In it the pressure, instead of being exerted on each binding weft thread by the counter pressure of two heavy weft threads, is exerted by the pressure of one heavy and one binding weft thread, and the tension, instead of being exerted on each heavy thread by the counter pressure of two binding weft threads, is exerted by the strain upon it of one heavy weft thread and one binding weft thread. If the claim as originally made—"each binding warp thread passing alternately over a heavy weft thread and under a binding weft thread"— had been retained, the respondent's weave would probably have infringed; but the claim was amended as noted, and its allowance urged, because it was, as contended by the applicant, "a definition of the course of the binding warp thread." The limited construction placed on the claim by the court below gives effect to the amendment, while the broad construction claimed by the complainants nullifies it.

The decree of the court below must therefore be affirmed.